FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2005 DEC 13  AM 8: 25

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _____
SO. DIST. OF GA.

DUBLIN DIVISION

MELVIN WILLIS,                              )
                                            )
          Petitioner,                       )
                                            )
     v.                                     )        CV 305-162
                                            )
DON JARRIEL, Warden,                        )
                                            )
          Respondent.                       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Melvin Willis has filed a petition under Title 28, United States Code, Section 2241. Petitioner moves the Court to proceed *in forma pauperis*. Doc. 2. Because it appears that petitioner lacks sufficient funds to pay the filing fee in this case,[1] the motion is **GRANTED**. For the reasons that follow, the Court construes this petition as one brought under Title 28, United States Code, Section 2254, and **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** as successive and untimely and that this civil action be **CLOSED**.

---

[1]According to petitioner's application to proceed *in forma pauperis*, he has no money in his prison trust fund account.

## I. BACKGROUND

According to the petition, a jury in Emmanuel County, Georgia, found petitioner guilty of armed robbery on January 11, 1995. Petitioner received a sentence of life in prison without the possibility of parole. The sentence was enhanced based on five prior state convictions, four of which petitioner states occurred in cases where he was not represented by counsel. He also contends that four of those convictions were "nolo contendere" pleas. Petitioner challenges the constitutionality of his state court conviction and sentence on the grounds that the prior convictions included nolo contendere convictions and that he was not represented by counsel in four of the convictions.

Petitioner previously filed a Section 2254 habeas petition on April 22, 1996. <u>Willis v. Gaither</u>, CV 696-73 (S.D. Ga. Apr. 22, 1996). He moved successfully for the dismissal of that petition without prejudice and then pursued his state habeas corpus remedies. His state habeas petition was denied on July 16, 1998. Petitioner then filed another Section 2254 petition on October 20, 1999. <u>Willis v. Smith</u>, CV 600-28 (S.D. Ga. Nov. 21, 2000). In that petition, petitioner challenged his state court conviction on the grounds that his sentence enhancement based on prior convictions was unconstitutional because he was not represented by counsel in the prior convictions and because some of those convictions were nolo contendere pleas. The petition was dismissed as untimely.

## II. DISCUSSION

### A.    Nature of Petition

Despite petitioner's characterization of his petition as one filed under Section 2241,

the Court will construe the petition as being filed under Section 2254. The Eleventh Circuit has upheld similar constructions of habeas petitions. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

The instant petition is a request for a type of habeas relief that Congress has made available under Section 2254. According to the relevant provisions of Section 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Here, petitioner, according to his petition, is "in custody pursuant to the judgment of a State Court." Petitioner also challenges the constitutionality of the sentence under which he is currently incarcerated.

Petitioner apparently filed under Section 2241 in attempt to circumvent the gatekeeping provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which ban petitioners from filing second or successive petitions for habeas relief in district court. 28 U.S.C. § 2244(b)(3)(A). According to the Eleventh Circuit,

> a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal

3

courts to grant the writ--to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, *e.g.*, a pre-trial bond order, then his petition is not subject to § 2254.

Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003) (recognizing that merely invoking § 2241 in the title of a document does not "require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead" (Citation omitted)).

Accordingly, the Court construes the instant petition as being filed under Section 2254. Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

Thus, the Court will now evaluate the petition to determine whether petitioner may be entitled to relief.

**B.    Successive Petitions for Writ of Habeas Corpus**

The relevant portion of the statute governing successive habeas petitions states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

4

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).[2]

Thus, Section 2254 petitioners must "obtain[] authorization in the court of appeals before

filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d

1328, 1332 (11th Cir. 1999). Without this authorization, a successive Section 2254 petition

should be dismissed. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*).

Petitioner has neither sought nor been granted permission to file a successive Section 2254

petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals,

this Court lacks jurisdiction to consider petitioner's claims.

## C. Timeliness

The instant petition also appears to be untimely. The AEDPA amended the statute

---

[2]Section 2244 is applicable to Section 2254 petitions by virtue of the following provisions of Section 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

5

governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In

pertinent part, Title 28, United States Code, Section 2244 provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner's Section 2254 claim filed in 1999, in which he raised the

same claims that he raises in this petition, was dismissed as untimely on November 21, 2000.

CV 600-28, Docs. 22, 23. Five years later, the petition is still untimely.

The Court also notes that petitioner has not offered any grounds for equitable tolling.

In cases where a petitioner is affirmatively prevented from filing because of a government-

imposed impediment that violates the Constitution or laws of the United States, the AEDPA

makes provision for equitable tolling of the statute of limitation until such impediment is

removed. 28 U.S.C. § 2244(d)(1)(B). "Equitable tolling can be applied to prevent the

application of the AEDPA's statutory deadline when 'extraordinary circumstances' have

6

worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Petitioner offers no reason for equitable tolling here.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds that petitioner has filed a second petition for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals and that his petition is otherwise untimely. Therefore, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 13th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE